**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SAN DIEGO CATTLEMEN'S
COOPERATIVE ASSOCIATION, et al.,

      Plaintiffs,

v.                                                          No. 1:14-cv-00818 RB/WPL

TOM VILSACK, SECRETARY, U.S.
DEPARTMENT OF AGRICULTURE, et al.,

      Defendants.
_____

WILDEARTH GUARDIANS,

      Plaintiff,

v.                                                          No. 1:14-cv-00887 KK/WPL

UNITED STATES FOREST SERVICE,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Consolidate Related Cases. (Doc. 21). The Court's jurisdiction arises under 28 U.S.C. § 1331. In these related cases, Plaintiffs seek judicial review of the United States Forest Service's management of livestock grazing allotments in response to the listing of the New Mexico meadow jumping mouse under the Endangered Species Act. *See San Diego Cattlemen's Cooperative Association, et al. v. Tom Vilsack, Secretary, U.S. Department of Agriculture, et al.*, Case 1:14-cv-00818 RB/WPL ("14-cv-00818") and *WildEarth Guardians v. U.S. Forest Service, et al.*, Case 1:14-cv-00887 KK/WPL ("14-cv-00887"). Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court grants the motion.

**I.    Background**

On June 10, 2014, the United States Fish and Wildlife Service listed the New Mexico meadow jumping mouse as endangered under the Endangered Species Act, 16 U.S.C. § 1531 ("ESA"). *See* Endangered Status for the N.M. Meadow Jumping Mouse, 79 Fed. Reg. 33,119 (June 10, 2014) (to be codified at 50 C.F.R. pt 17). The New Mexico meadow jumping mouse is a rare subspecies of mouse found in parts of New Mexico, southern Colorado, and eastern Arizona where there is herbaceous riparian vegetation with moist-saturated soils. *Id.* According to the Fish and Wildlife Service's findings, the listing was attributed to "significant reduction in occupied localities likely due to cumulative habitat loss and fragmentation across the range." *Id.* Furthermore, the New Mexico meadow jumping mouse is at an "elevated risk of extinction now" and the situation will not "improve without significant conservation intervention." *Id*. at 33,134. As part of the listing decision, the Fish and Wildlife Service proposed to designate critical habitat for the mouse, including parts of the Santa Fe National Forest and Lincoln National Forest. *See* Critical Habitat for the N.M. Meadow Jumping Mouse, 79 Fed. Reg. 19,307 (Apr. 14, 2014) (to be codified at 50 C.F.R. pt 17). The National Forests contain grazing allotments where the United States Forest Service permits cattle ranchers to graze their livestock. (14cv00818, Doc. 5.)

In the listing decision, the Fish and Wildlife Service found that livestock grazing on stream banks contributes to habitat degradation by removing the vegetation, eroding the stream banks, and lowering water tables. *See* Endangered Status for the N.M. Meadow Jumping Mouse, 79 Fed. Reg. at 33,122, 33,124. Excessive livestock grazing in critical riparian areas reduces the New Mexico meadow jumping mouse habitat, threatening the viability of the species. *See id.*, 79 Fed. Reg. at 33,122. As a result, the listing decision requires any federal agency that "implements, authorizes, or funds water use or livestock grazing activities that may affect the

2

New Mexico meadow jumping mouse" to consult with the Fish and Wildlife Service to avoid jeopardizing the continued existence of the New Mexico meadow jumping mouse. *Id.* at 33,124.

In response to the listing decision, the United States Forest Service, the agency charged with managing the national forests, took action to protect the habitat of the New Mexico meadow jumping mouse. (Doc. 18). On July 10, 2014, the United States Forest Service requested comments on a proposed Lower Rio Cebolla Occupied Habitat Improvement Project in the Santa Fe National Forest. (Doc 1-4). On July 14, 2014, the United States Forest Service issued a Special Closure Order for Resource Protection for Wills Canyon (Mauldin Spring Occupied Habitat) in the Lincoln National Forest. (*Id.*)

On July 11, 2014, WildEarth Guardians sent the United States Forest Service a Notice of Intent to Sue, alleging that the United States Forest Service was in violation of the Endangered Species Act by failing to initiate consultation with the Fish and Wildlife Service on the adverse effects of livestock grazing on the New Mexico meadow jumping mouse. (Doc. 21-1). In its Notice of Intent to Sue, WildEarth Guardians addressed the United States Forest Service's management of livestock grazing allotments containing "occupied" habitat for the New Mexico meadow jumping mouse. (*Id.*) WildEarth Guardians asserted that "grazing in these allotments has caused past and present adverse effects to the New Mexico meadow jumping mouse, is causing an imminent threat of continuing adverse effects to the species, and is putting the meadow jumping mouse at 'considerable risk of extirpation.' " (*Id.*) The Notice of Intent to Sue specifically referenced the five grazing allotments at issue in both cases. (*Id.*)

On September 8, 2014, the Plaintiffs in 14-cv-00818 ("818 Plaintiffs") filed suit. These Plaintiffs include the permit holders for the five livestock grazing allotments specified by WildEarth Guardians in its Notice of Intent to Sue. (Doc. 1). The 818 Plaintiffs allege that the

United States Forest Service has moved too fast and gone too far in protecting the New Mexico meadow jumping mouse, in violation of National Environmental Policy Act, 42 U.S.C. § 4332(C) ("NEPA"). (14-cv-00818, Doc. 1). The 818 Plaintiffs allege that occupied habitat for the New Mexico meadow jumping mouse does not warrant any protection under the Endangered Species Act unless the Fish and Wildlife Service designates it as critical habitat. (*Id*.) The 818 Plaintiffs seek an order "permanently enjoining the Forest Service from erecting fencing or other structures or taking any other actions to prevent legal and lawful grazing in areas that the Forest Service believe constitute 'occupied habitat' for the New Mexico meadow jumping mouse" on the allotments. (*Id*.)

On October 1, 2014, WildEarth Guardians filed the Complaint in 14-cv-0887. (14-cv-00887, Doc. 1). Therein, WildEarth Guardians echoed the contentions in the Notice of Intent to Sue that the Forest Service's actions authorizing and implementing grazing in the allotments are likely to adversely affect the New Mexico meadow jumping mouse. (*Id*.) WildEarth Guardians alleged that the United States Forest Service violated the Endangered Species Act by failing to consult with the United States Fish and Wildlife Service to ensure that its actions are not likely to jeopardize the continued existence of the New Mexico meadow jumping mouse. (*Id*.) According to the Complaint in 14-cv-00887, the United States Forest Service's efforts to protect the occupied habitat of the New Mexico Meadow jumping mouse are insufficient and the United States Forest Service must suspend grazing activities within the grazing allotments while it consults with the United States Fish and Wildlife Service. (*Id*.)

## II.    Discussion

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The objective of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Skaggs v. Level 3 Commc'ns, Inc.*, Case No. 09-CV-02000-PAB-CBS, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quoting *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)). The determination of whether to consolidate is vested in the broad discretion of the Court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

It bears underscoring that "consolidation does not merge separate suits into one cause of action." *Harris v. Ill.-Cal. Exp., Inc.*, 687 F.2d 1361 (10th Cir. 1982). Rather, consolidation is a matter of "convenience and economy in administration" and "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). Consolidation does not change the substantive rights of parties in separate suits, or make persons who are parties in one suit parties to another suit. *See United States v. Tippett*, 975 F.2d 713, 716-18 (10th Cir. 1992).

In deciding whether to consolidate cases, the Court should initially determine that the cases to be consolidated "involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause. *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D. N.M. 1994) (citing *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)). The party moving for consolidation bears the burden of

proving that consolidation is desirable. *Servants of Paraclete, Inc.*, 866 F. Supp. at 1572.

In this case, common questions of law and fact predominate. Both cases seek judicial review of the Forest Service's management of livestock grazing allotments while implementing measures to protect the New Mexico meadow jumping mouse in accordance with the Endangered Species Act. Both cases will require the Court to review the same administrative record to determine whether the Forest Service complied with the Endangered Species Act and the National Environmental Policy Act in managing livestock grazing on the allotments. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1106 n. 3 (10th Cir. 2010) ("The APA governs judicial review of agency action challenged through the ESA citizen-suit provision."); *Coal. for Sustainable Res. v. U.S. Forest Serv.*, 259 F.3d 1244, 1249 (10th Cir. 2001) ("Judicial review of agency action through the citizen suit provision is governed by the [APA]."). The Plaintiffs in 14-cv-0818 and WildEarth Guardians seek conflicting rulings on the same subject matter and request incompatible injunctions. The cases were filed around the same time and are at the early stage of the proceedings. Both matters are based on the same agency action. Consolidation will not cause delay, confusion, or prejudice. Consolidation will conserve the parties' resources, promote judicial economy, eliminate duplication of effort, and prevent inconsistent rulings.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Consolidate Related Cases, (Doc. 21), is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**